UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KATHERINE SETO, <br><br> Plaintiff, <br><br> v. <br><br> DIAZ & ASSOCIATES, INC., <br><br> Defendant. | Case No.4:21-cv-3165 |

# COMPLAINT

**NOW COMES** Katherine Seto ("Plaintiff"), by and through her the undersigned attorneys, complaining as to the conduct of Diaz & Associates, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

1

5. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Southern District of Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

8. Defendant is a third party debt collector and debt purchaser that employs "a team of highly trained and professional debt collectors."[1] Defendant is a corporation organized under the laws of the state of Nevada with its principal place of business located at 3540 West Sahara Avenue, Suite 680, Las Vegas, Nevada.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of defaulted debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

10. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

### FACTS SUPPORTING CAUSES OF ACTION

11. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

12. The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Crest Financial Services ("CFS") line of credit Plaintiff used for personal purposes.

13. On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with CFS and after CFS charged off and sold the subject debt to a debt purchaser.

---

[1] http://diazandassociates.us/

2

14. On or about August 18, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

15. The collection letter represents that the "Balance" in connection with the subject debt totals $562.12.

16. The collection letter goes on to provide Claimant with the option to resolve the subject debt in full for a reduced balance of $337.27, but that such payment had to be received "NO LATER THAN 9/30/2021." (emphasis in original).

17. The collection letter further reinforces the importance of the 9/30 deadline as it provided an option for payment via overnight delivery or credit card in the event there was concern over whether payment would be received by the deadline.

18. As such, Plaintiff was led to believe that the offer Defendant was making was time-sensitive, and failure to accept any such offers would result in such offers being unavailable down the line.

19. However, upon information belief, Defendant, a debt collector collecting on a debt owned by a debt purchaser, would have re-made similar offers, or even better offers, down the line, given that it was collecting on behalf of an entity who, presumably, purchased the debt for pennies on the dollar and would be willing to accept whatever payment in whatever manner Plaintiff was able to make.

20. Defendant's collection letter therefore misrepresented the time-sensitive nature of the offers, causing Plaintiff to feel concerned and stressed that she would be losing out on these options due to her inability to make payment.

21. Plaintiff was compelled to consider whether she had to use funds, which would otherwise have been necessary to pay her day-to-day expenses, in order to address the subject debt in a

prompt manner, causing her undue stress and anxiety, and all because of Defendant's false and deceptive representations.

22. Courts have fashioned safe harbor language which shield debt collectors from liability when making purportedly time-sensitive offers, however, Defendant's collection letter fails to include such language.

23. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with the undersigned regarding her rights, resulting in lost time.

24. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, undue stress and anxiety due to Defendant's false representations as to the time-sensitive nature of the offers provided, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated § 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers in its collection letter. As discussed above, the August 18 letter was written and formatted to convey that the settlement offer was time-sensitive in nature through its explicit statement that the settlement option was available for a limited time. However, given the circumstances surrounding the subject debt, this representation was false, deceptive, and misleading, as Defendant would have, upon information and belief, made these offers, or even better offers, after the illusory deadline would have passed. Defendant could have provided "safe harbor" language to make its representations clearer, however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

**WHEREFORE**, Plaintiff, KATHERINE SETO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

35. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    **a. Violations of TDCA § 392.304**

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), states that a debt collector may not use "any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

37. Defendant violated the TDCA when it used deceptive means to collect and/or attempt to collect the subject debt after sending Plaintiff a collection letter stating that a settlement offer was time-sensitive in nature through its explicit statement that the settlement option was available for a limited time. However, given the circumstances surrounding the subject debt, this representation was false, deceptive, and misleading, as Defendant would have, upon information and belief, made

6

this offer, or even a better offer, after the illusory deadline would have passed. Through its conduct, Defendant's false representation to Plaintiff regarding the subject debt's time bar is misleading and deceptive. Defendant knowingly mislead Plaintiff into believing the settlement offer was for limited time because it chose not to include "safe harbor" language that would have made its representations clearer.

**WHEREFORE**, Plaintiff KATHERINE SETO requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 29, 2021                    Respectfully submitted,

s/ Nathan C. Volheim                         s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103             Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3098183                     Federal I.D. No. 3442886
Counsel for Plaintiff                        Counsel for Plaintiff
Admitted in the Southern District of Texas   Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (331) 307-7648 (phone)
(630) 575-8188 (fax)                         (630) 575-8188 (fax)

nvolheim@sulaimanlaw.com                    ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Federal I.D. No. 3470107
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com